IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:07CV82

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| CODY SAMUEL FOX, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Judgment by Default entered by the Clerk (Document #8), this Court's own Order for the Defendant to Show Cause as to why default judgment should not be entered against him (Document #11), and the Response of Defendant to that Order (Document #14). This matter is now ripe for disposition.

For the reasons stated herein, this Court will <u>affirm</u> the Judgment by Default entered against the Defendant.

## BACKGROUND

On July 17, 2007, Plaintiff, the United States of America, by and through United States Attorney Gretchen C.F. Shappert, brought suit against Defendant Cody Samuel Fox in the United States District Court for the Western District of North Carolina. The Complaint seeks recovery of a sum certain, $85,660.25, plus interest and administrative costs that continue to accumulate, for Defendant's alleged default on a loan from the Farm Service Agency. On August 21, 2007, Defendant contacted Plaintiff and requested additional time to obtain representation or to

1

otherwise proceed pro se.  On August 21, 2007, by letter, Plaintiff agreed to grant Defendant an

extension until September 4, 2007 to answer the complaint.  (Plaintiff's Declaration for Entry of

Judgment by Default, Exhibit A).  Having received no response from Defendant, Plaintiff moved

on September 5, 2007 for the entry of default.  The Clerk of the Court entered default against

Defendant on September 5, 2007.

On September 6, 2007, this Court received a filing of documents by Defendant that he

dated September 4, 2007.  (Document #10: Letter, Waiver of Service of Summons, Consent to

Magistrate Judge Jurisdiction form, Corporate Disclosure form, Joint Stipulation of Consent to

Magistrate Judge form, and an IAC form).  On September 7, 2007, with an attached Declaration

for Entry of Judgment by Default, Plaintiff requested entry of judgment by default.  (Documents

#6 and #7).  The Clerk of the Court entered judgment by default against Defendant on September

10, 2007.

On October 3, 2007, noting that the motions of Plaintiff and the reply of Defendant

passed in the mail, the Court ordered the Defendant to show cause as to why judgment by default

should not be maintained against him.  Document #11.  On October 31, 2007, Defendant

responded by letter.  Document #14.  In that letter, Defendant states that since he has already

repaid $55,000 on the loan from the sale of farming equipment, his remaining balance on the

original loan of $117,000 should only be $62,000, and not the amount sought by Plaintiff.  Id.

Defendant further notes that having sold his equipment, he is no longer able to support himself

and repay the remainder of the loan.  Id.

**DISCUSSION**

To obtain default judgment, a party must first move the court for entry of default, and then it must move the court for default judgment. Fed. R. Civ. P. 55(a) and (b). Here, having not received a timely response from Defendant, Plaintiff properly moved for entry of default on September 5, 2007. Document #4. The Clerk of the Court entered default for the Plaintiff on September 6, 2007. Document #5. However, later that day, the Court received responsive filings from the Defendant.[1] Document #10. In light of this response, the Clerk of the Court erred by proceeding to entertain and grant the motion of the Plaintiff for default judgment. Therefore, this Court will examine the filings of Defendant as if only Entry of Default has occurred. See Fed. R. Civ. P. 55(c).

Rule 55(c) provides that "for good cause shown the court may set aside an entry of default." Fed. R. Civ. P. 55(c). In determining whether a party merits relief from default, the Fourth Circuit has considered a variety of factors, including a) the existence of a meritorious defense, b) the promptness of the moving party, c) the personal responsibility of the moving party, d) prejudice to the non-moving party, e) any history of dilatory action, and f) the availability of less drastic sanctions. Payne v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006); Jackson v. Beech, 636 F.2d 831, 836 (D.C. Cir. 1980). The Court further cautioned that Rule 55(c) "must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 954 (4th Cir.

---

[1] The Court assumes that the Entry of Default occurred at some time prior to receipt of the documents from the Defendant because the Court marked those documents as received on the following day, September 7, 2007, only to correct that date manually. Therefore, this Court will assume that the filings of the Defendant were received on September 6, 2007, but not opened and marked until the following day.

1987) (internal quotations and citations omitted). Moreover, pro se parties are entitled to reasonable safeguards when confronted with matters that may lead to the summary disposition of the case. Roseboro v. Garrison, 528 F.2d 309, 309 (4th Cir. 1975).

Even construing all filings liberally in favor of the Defendant, the Court finds that Entry of Default should not be set aside because the Defendant does not have a meritorious defense to this cause of action. Through his response, Defendant admits to taking a loan from a government agency in the amount of $117,000. Document #14 at 2. He further admits that, at the direction of the Plaintiff, he applied $55,000 in profits from the sale of certain assets to the remaining balance on that loan. Id. Defendant offers only two defenses to the amount claimed by Plaintiff. First, Defendant argues that, having paid $55,000, he is only obligated to repay another $62,000. Id. Second, Defendant notes that the sale of those assets has left him unable to support himself. Id.

Although the Court is sympathetic with the plight of Defendant, neither response provides any ground for a meritorious defense to this action. First, by claiming to only owe the lesser amount, Defendant denies that he owes any interest on the loan. An affidavit from the Farm Loan Agency states that the loan was given at a fixed interest rate. Document #1-2. Further, the Court will routinely grant interest payments on any outstanding judgments. The other ground offered as a defense by Defendant is equally unavailing. The ability of a borrower to make payments is not a factor for this Court to consider when entering default. Although the Defendant has demonstrated good cause for his untimely filings, he cannot demonstrate any meritorious defense that warrants setting-aside the entry default.

4

The Court also finds that its Order to show cause, issued to Defendant on October 3, 2007, provided reasonable safeguards by making Defendant aware of the consequences of failing to respond. Having received a response from Defendant, this Court further finds that, in the interest of judicial economy, default judgment should be affirmed.[2] Although the Clerk erred in granting default judgment without examining the filings of Defendant, that error was harmless in that it would not have altered the outcome of this matter.

Therefore, since the Defendant can provide no meritorious defense to this action, and since the error in failing to evaluate the filings of Defendant prior to granting default judgment was harmless, this Court will <u>affirm</u> default judgment in favor of the Plaintiff.

**IT IS ORDERED** that the Default Judgment against Defendant be <u>affirmed</u>.


Signed: December 13, 2007


Richard L. Voorhees
United States District Judge

---

[2]If the Court were to construe the filings of Defendant as an Answer, the Plaintiff would likely respond with a Motion for Summary Judgment. Based upon the facts conceded by the Defendant in his response, there would be no material facts in dispute regarding the outstanding loan and the Plaintiff would be entitled to judgment as a simple matter of contract law.